IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MME HOLDING COMPANY, LLC D/B/A MIDAS MUFFLER, | § § § § § | |
| *Plaintiff*, | | |
| V. | § § | Case No. 3:19-CV-00156 |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY, VERICLAIM, INC. AND JAMES READING, | § § § § § § | JURY |
| *Defendants*. | § | |

## DEFENDANTS VERICLAIM, INC. AND JAMES READING'S ANSWER

Defendants, VeriClaim, Inc.[1] ("VeriClaim") and James Reading ("Reading"), file this answer to the complaint of plaintiff, MME Holding Company, LLC d/b/a Midas Muffler ("MME"), and respectfully show the following:

### ANSWER

### Admissions & Denials

1. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 1.

2. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 2.

3. VeriClaim admits the allegations in paragraph 3. Reading lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 3.

---

[1] VeriClaim has been merged into Sedgwick Claims Management Services, Inc., but appears under the name in which it has been sued.

4. Reading admits the allegations in paragraph 4. VeriClaim lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 4.

5. Admitted.

6. Admitted.

7. In answer to paragraph 7, Defendants admit this lawsuit is a first-part commercial insurance claim dispute, but deny that it arises out of Hurricane Harvey.

8. Admitted.

9. In answer to paragraph 9, the policy is a writing that speaks for itself and is the best evidence of its content. The policy's coverage is subject to all of the policy's insuring agreement requirements, exclusions, conditions, definitions and other components. Defendants deny the allegations in paragraph 9 to the extent inconsistent with the policy's content.

10. In answer to paragraph 10, Defendants admit that Hurricane Harvey made landfall on the Texas Gulf Coast on August 25, 2017, and that it rapidly weakened over land to a tropical storm, as recorded by the National Hurricane Center's May 9, 2018 report on the storm.[2] As for the other allegations in paragraph 10, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and will rely instead upon relevant public records issued and maintained by the National Hurricane Center and other relevant government authorities.

11. Denied.

12. Admitted.

13. Denied.

14. Denied.

---

[2] https://www.nhc.noaa.gov/data/tcr/AL092017_Harvey.pdf, at page 3.

15. Admitted as to the fact (not the characterizations) of the involvement of VeriClaim and Reading; otherwise denied.

16. Denied.

17. Denied.

18. Denied.

19. Admit only that a calculation was performed. The calculation was in writing and the writing is the best evidence of its content. Defendants deny the allegations in paragraph 19 to the extent inconsistent with the written record of the calculation.

20. Admit only that a calculation was performed. The calculation was in writing and the writing is the best evidence of its content. Defendants deny the allegations in paragraph 20 to the extent inconsistent with the written record of the calculation.

21. Admit only that an inspection was performed and reported. The inspection report was in writing and the writing is the best evidence of its content. Defendants deny the allegations in paragraph 21 to the extent inconsistent with the written record of the inspection.

22. Admit only that an investigation was performed and reported. The investigation report was in writing and the writing is the best evidence of its content. Defendants deny the allegations in paragraph 22 to the extent inconsistent with the written record of the investigation.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Paragraph 52 incorporates by reference the allegations in paragraphs 1-53. In response, Defendants incorporate by reference their responses to those paragraphs.

53. Denied.

54. Paragraph 54 incorporates by reference the allegations in paragraphs 1-53. In response, Defendants incorporate by reference their responses to those paragraphs.

55. Denied.

56. Paragraph 56 incorporates by reference the allegations in the complaint. In response, Defendants incorporate by reference their responses to those allegations.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Paragraph 63 incorporates by reference the allegations in the complaint. In response, Defendants incorporate by reference their responses to those allegations.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Paragraph 68 incorporates by reference the allegations in the complaint. In response, Defendants incorporate by reference their responses to those allegations.

69. Denied.

70. Denied.

71. Paragraph 71 incorporates by reference the allegations in the complaint. In response, Defendants incorporate by reference their responses to those allegations.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Paragraph 84 is a jury demand.

## Affirmative Defenses

85. These exclusions and limitations in policy preclude coverage in whole or in part:

   ***B. Exclusions***
   *...*
   *2. We will not pay for loss or damage caused by or resulting from any of the following:.*
   *...*
   *d. (1) Wear and tear;*
   *(2) Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;*
   *...*

   *But if an excluded cause of loss that is listed in 2.d.(1) through (7) results in a "specified cause of loss" or building glass breakage, we will pay for*

> *the loss or damage caused by that "specified cause of loss" or building glass breakage.*
>
> *…*
>
> ***3.*** *We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c. But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.*
>
> *…*
>
> ***c.*** *Faulty, inadequate or defective:*
>
> > *…*
> >
> > ***(2)*** *Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;*
> >
> > *…*
>
> ***C. Limitations***
>
> *The following limitations apply to all policy forms and endorsements, unless otherwise stated:*
>
> ***1.*** *We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.*
>
> *…*
>
> ***c.*** *The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:*
>
> > ***(1)*** *The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters….*

Based on Defendants' investigation, the buildings did not sustain physical damage from a covered cause of loss.

## JURY DEMAND

86. Defendants demand a jury on all issues of fact.

## CONCLUSION AND PRAYER

WHEREFORE, Defendants VeriClaim and Reading ask the Court to dismiss Plaintiff's suit with prejudice, or, alternatively, enter a take-nothing judgment on Plaintiff's claims and to grant Defendants all further relief to which Defendants may show themselves entitled.

7

Respectfully submitted,

*s/ Joseph A. Ziemianski*
Joseph A. Ziemianski
Attorney-in-Charge
State Bar No. 00797732
S.D. Texas I.D. No. 25915
1221 McKinney, Suite 2900
Houston, Texas 77010
Telephone: (832) 214-3900
Telecopier: (832) 214-3905
E-mail: jziemianski@cozen.com

OF COUNSEL:

COZEN O'CONNOR
Bryan Vezey
State Bar No. 00788583
S.D. Texas I.D. No. 19217
(Firm, address and phone as above)
E-mail: bvezey@cozen.com

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I certify that a true copy of this document was served upon all counsel of record via the Court's electronic filing system on August 9, 2019.

*s/ Joseph A. Ziemianski*
Joseph A. Ziemianski

8